UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY JONES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MCKESSON CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-03170-JST<br><br>**ORDER STAYING PROCEEDINGS PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Before the Court is Defendant GlaxoSmithKline LLC's Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("JPML") to MDL 1871 (E.D.Pa.). ECF No. 13.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and hereby VACATES the hearing currently scheduled for September 5, 2013.  The Court also DENIES Plaintiffs' motion for leave to file a sur-reply in opposition to the motion to stay and to file a statement of recent decision, ECF No. 20.

The JPML issued a Conditional Transfer Order (CTO) on July 18, 2013, conditionally transferring this action to the Avandia MDL. CTO-174, MDL No. 1871.  Following the opposition filed by Plaintiffs here and in other actions, the JPML scheduled a hearing on CTO-174 for September 26, 2013.  MDL No. 1871, ECF No. 1120.

The Court's power to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  In determining whether a stay is warranted pending transfer by the JPML, courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if

the cases are in fact consolidated." Couture v. Hoffman-La Roche, Inc., No. 12-cv-2657-PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012) (quoting Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D.Cal.1997) (citation omitted)).

The Court finds that the factors weigh in favor of staying these proceedings. In particular, the potential prejudice to Plaintiffs of a stay is minimal. The JPML's decision is likely to be issued shortly. By contrast, not issuing a stay will expose Defendant to the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact pending in multiple cases.

Plaintiffs are incorrect that the Court must consider the jurisdictional questions raised in their motion to remand prior to issuing a stay. When motions to stay and to remand are pending, "deference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" Id. (quoting Nielsen v. Merck and Co., No. 07-cv-00076-MJJ, 2007 WL 806510 at *1 (N.D.Cal. Mar. 15, 2007)). In deciding whether to rule on the motion to remand, "courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

The Ninth Circuit has not adopted Plaintiffs' approach. Staying these proceedings is appropriate if "the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred." Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001). Moreover, "[i]f the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay." Ibid.; see also Aiken, supra, (citing In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."); In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (transferring cases; noting "remand motions can be presented to and decided by the transferee judge.")).

For the foregoing reasons, this action is STAYED pending further order of the Court. Should the JPML deny a request to consolidate this action with the MDL proceedings, Defendant

is hereby ORDERED to file a motion to consider whether to lift the stay within three days of that order.

**IT IS SO ORDERED.**

Dated: August 26, 2013



_____
JON S. TIGAR
United States District Judge